Thomas Schwaab, Plaintiff-Appellant,

v.

Town of Summit, Robert Hasselkus and Michael Jones, individually and as a member of the Town Board, Defendants-Respondents.

Court of Appeals

*No. 79–1831. Argued May 28, 1980.—Decided August 22, 1980.*
(Also reported in 297 N.W.2d 62.)

For the plaintiff-appellant there was a brief by *Clayton A. Cramer* and *James W. Hammes* of *Cramer, Multhauf & Curran* of Waukesha. Oral argument by *Mr. Hammes*.

For the defendants-respondents there was a brief by *Eugene C. Daly* and *Thomas P. Kurz* of *Foley & Lardner* of Milwaukee. Oral argument by *Mr. Daly*.

Before Voss, P.J., Brown and Bode, J.J.

BODE, J. Plaintiff Thomas Schwaab is the duly elected Town Chairman of the Town of Summit. He commenced this declaratory action on April 27, 1979, challenging the validity of an amendment to an ordinance creating a town Plan Commission. The amendment granted the Town Board the authority to appoint members of the Plan Commission. Although the court held the ordinance invalid for reasons not raised on this appeal,[1] the validity of the amendment was upheld insofar as it authorized the Town Board to appoint Plan Commission members. Plaintiff now appeals contending the authority to appoint members of the Plan Commission is vested in the Town Chairman by virtue of sec. 62.23, Stats.

Under sec. 60.18(12), Stats., the electors of a town may direct the town board to exercise all powers relating to villages which are conferred upon village boards by chapter 61, Stats. Section 61.35, Stats., grants the following power to village boards and officers:

The provisions of 62.23 shall apply to villages, and the powers and duties conferred and imposed by said section upon mayors, councils and specified city officials are hereby conferred upon presidents, village boards, and village officials performing duties similar to the duties of such specified city officials, respectively.

---

[1] The ordinance was found invalid insofar as it failed to provide staggered terms for the commission members as required by sec. 62.23(1)(c), Stats.

Section 62.23 (1) (a), Stats., provides:

The council of any city may by ordinance create a "City Plan Commission," to consist of the mayor, who shall be its presiding officer, the city engineer, the president of the park board, an alderman, and 3 citizens. In case the city has no engineer or no park board, an additional citizen member shall be appointed so that the board has at all times 7 members. Citizen members shall be persons of recognized experience and qualifications. The council may by ordinance provide that the membership of the commission shall be as provided thereunder.

Subparagraph (c) of sec. 62.23 (1) provides:

The three citizen members shall be appointed by the mayor, upon the creation of the commission, to hold office for a period ending one, two and three years, respectively, from the succeeding first day of May, and thereafter annually during April one such member shall be appointed for a term of three years.

Plaintiff's principal contention can be stated as follows: Section 62.23 (1) (c), Stats., grants a mayor appointive powers with respect to the citizen members of a plan commission. Section 61.35, Stats., provides that the provisions of sec. 62.23 concerning the powers of mayors, councils and other officers are conferred upon village presidents, boards and officials. Section 60.29 (13), Stats., enables a town board to exercise the powers of a village board. Thus, plaintiff concludes a town chairman is vested with the same appointive powers as a mayor or village president.

Nowhere in chapter 60, Stats., is there a provision granting a town chairman the authority to exercise all powers conferred upon a village president. Similarly, the chapter contains no provision conferring a general grant of executive powers upon the town chairman. Therein lies the fatal flaw of plaintiff's argument. In order for his contention to succeed, we must find the positions of mayor, village president and town chairman synonymous for purposes of statutorily granted author-

ity. We do not find any such intention by the legislature and, accordingly, affirm.

Section 60.29(1), Stats., provides that town boards are "[t]o have charge of all affairs of the town not by law committed to other officers." The powers of a town chairman are set forth in secs. 60.14 and 60.15, Stats. These sections merely direct the town chairman to preside at town meetings and grant the authority to order the removal of disorderly persons. In contrast, sec. 62.-09(8), Stats., designates a mayor as "the chief executive officer" of a city. Chapter 60, Stats., contains no similar provision concerning a town chairman.

A review of chapters 60, 61 and 62, Stats., reveals a clear legislative purpose to *specifically* grant authority to mayors, village presidents and town chairmen. The powers and duties of each are expressly set forth. If, as plaintiff contends, a town chairman is to be equated with a mayor or village president, the legislative grant of local authority, as evidenced by the following sections, is, at best, contradictory.

A village president is in charge of the village jail (sec. 61.24), appoints the members of the police and fire commission (sec. 61.65), and is required to sign all contracts, conveyances, licenses or other written instruments executed on behalf of a village (sec. 61.50). Similarly, a mayor appoints the members of the police and fire commission (sec. 62.13), and in the event a city has no board of police and fire commissioners, appoints all policemen (sec. 62.09(8)(d)). Similarly, all written documents executed on behalf of a city are to be executed by the mayor and clerk.

The above duties and powers are not, however, granted to the town chairman. Control of the town jail is a duty assigned to the town *board,* not chairman. Sec. 60.-29(8m). Similarly, the town board is vested with the power to appoint the members of the town park commission (sec. 60.181), a temporary treasurer (sec. 60.28),

police and firemen (sec. 60.29(7)), and sanitary district commissioners if necessary (sec. 60.305). All instruments necessary to convey town interests in real estate must be signed by the town *clerk,* not chairman.

In view of the above, we cannot hold that the position of town chairman includes implied powers not expressly granted by the legislature. In certain situations, the legislature has granted the duties of a mayor to a town chairman. Section 60.29(26)(c), Stats., dealing with special assessments for road improvements states "all of the duties by such section [sec. 66.54] imposed upon the common council and the board of public works, mayor, city clerk and city treasurer, shall be performed by the town board, town chairman, town clerk and town treasurer. . . ." Had the positions of mayor and town chairman been synonymous, there would have been no purpose in enacting a specific limited subsection equating the same.

The enactment of an ordinance authorizing a town board to exercise the powers of a village board does not, by implication, make a village president out of a town chairman. The aforementioned statutes clearly show it was the intent of the legislature to *expressly* grant similar duties and powers to the two officers in certain situations. This court, therefore, has no basis upon which to find any implied appointive power not expressly set forth in the statutes.

Section 62.23(1)(a), Stats., authorizes a city council by ordinance to "provide that the membership of the commission shall be as provided thereunder." By virtue of its ability to create a plan commission through sec. 61.-35, Stats., the Town Board clearly had authority to, as it did here, pass an ordinance governing the membership of the Commission. If a town board chooses, it certainly may grant appointive power to the chairman. In the absence of such an ordinance or a statute granting the same, a town chairman holds no such authority.

*By the Court.*—Judgment affirmed.